UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

LORETTA BAYLISS,

               Plaintiff,

v.                                    Case No. 0:19-cv-61259-RNS

NORTH BROWARD HOSPITAL
DISTRICT, d/b/a BROWARD HEALTH,

               Defendants.

_____

**<u>DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT</u>**

      COMES NOW, Defendant, North Broward Hospital District ("the District"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6) hereby moves to dismiss Plaintiff's Amended Complaint with prejudice and in support thereof states:

      1.     On November 25, 2019, this Court dismissed Plaintiff's Complaint under Section 504 of the Rehabilitation Act of 1973 without prejudice. (D.E. 18).

      2.     In its Order, the Court noted that Plaintiff's Complaint was "devoid of any allegations that Plaintiff was an intended beneficiary" of Medicare/Medicaid payments that Plaintiff had identified as the federal assistance forming the basis of her claim.

      3.     On December 9, 2019, Plaintiff filed an Amended Complaint substantively identical to her first with the exception that Plaintiff claims she is an intended beneficiary of Medicare/Medicaid payments because she treats patients who are on Medicare/Medicaid and then vaguely claims that her salary is indirectly derived from revenues generated from "federally funded Medicare/Medicaid programs."

**ALLEN NORTON & BLUE, P.A.**
PROFESSIONAL ASSOCIATION

4.      For the reasons articulated herein, Bayliss still fails to state a claim upon which relief may be granted.

5.      As Bayliss has already been afforded an opportunity to amend and correct the deficiencies in her Complaint, Defendant requests this Court dismiss Bayliss' Amended Complaint with prejudice.

WHEREFORE, the District requests this Court to Plaintiff's Amended Complaint with prejudice.

## SUPPORTING MEMORANDUM OF LAW

### I.      RULE 12(B)(6) REQUIRES THE COMPLAINT TO SET FORTH FACTUAL ALLEGATIONS WHICH STATE A CLAIM FOR RELIEF THAT IS PLAUSIBLE ON ITS FACE

In deciding a Rule 12(b)(6) motion to dismiss, the court must accept the facts as alleged in the complaint as true and take them in the light most favorable to the plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). To survive a motion to dismiss, a complaint must "contain a sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (1997)). In making this determination, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 555 U.S. 662, 663 (2009).

Accordingly, a plaintiff's "threadbare recitals of [the] elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. While factual allegations need not be detailed, the complainant must go beyond mere "labels and conclusions." *Iqbal*, 556 U.S. at 677 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (1997)). As such, when ruling on a Rule 12(b)(6) motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal

2

conclusions masquerading as facts will *not* prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2004). Finally, as noted by the Supreme Court in *Iqbal*, to survive a Rule 12(b)(6) motion to dismiss a claim must not only be conceivable, but plausible. *Id.* at 680-681.

## II.   PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

The Rehabilitation Act does not generally forbid discrimination against the handicapped by recipients of federal assistance. *See e.g., Simpson v. Reynolds Metals Co., Inc.*, 629 F.2d 1226, 1232 (7th Cir. 1980), *abrogated on other grounds by Nat'l Credit Union Admin v. First National Bank & Trust Co.*, 522 U.S. 479 (1998). To state a claim under the Rehabilitation Act Plaintiff must show, in relevant part, that (1) the employer received federal financial assistance *and* (2) that she "was an intended beneficiary of the assistance." *Jones v. Metropolitan Atlanta Rapid Transit Authority*, 681 F.2d 1376, 1382 (11th Cir. 1982). Indeed, this Court has held that to state a claim under section 504:

> Plaintiff *must first allege that she was the intended beneficiary of the federal funds*. Next, Plaintiff must allege that the Defendant was in a position to 'accept or reject' the federal funds and that they used their position to discriminate against the Plaintiff.

*Huck v. Mega Nursing Services, Inc.*, 989 F. Supp. 1462, 1464 (S.D. Fla. 1997) (dismissing an employee's Rehabilitation Act claim alleging simply that the employee was terminated because she was HIV-positive and her employer received federal funds) (internal citation omitted) (emphasis added); *see also Udoinyion v. Dekalb Co.*, Case No. 1:07-cv-2674, 2008 WL 11333545 (N.D. Ga. Sept. 4, 2008) (noting the Eleventh Circuit requires plaintiff show that she was an intended beneficiary of the federal assistance received by the employer); *D.R. v. Devereux Advanced Behavioral Health*, Case No. 3:18-cv-00194, 2019 WL 1650083 (S.D. Tex. April 17,

3

**ALLEN NORTON & BLUE, P.A.**
PROFESSIONAL ASSOCIATION

2019) ("To establish a *prima facie* case of discrimination under section 504, a plaintiff must plead (1) the existence of a program or activity within the state which receives federal financial assistance; (2) the plaintiff is an intended beneficiary of the federal assistance . . . .") (quoting *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 676 n.8 (5th Cir. 2004).

Plaintiff's Amended Complaint still fails to allege that Plaintiff was an intended beneficiary of the identified federal assistance of Medicare/Medicaid payments. Rather in an effort to circumvent the Court's ruling the Plaintiff simply states that she worked with recipients of Medicare/Medicaid and suggests her wages are indirectly derived from revenue generated from "federally funded Medicare/Medicaid programs." (D.E. 19 at ¶¶ 9-10). Neither of these allegations plausibly suggest she was the intended beneficiary of Broward Health's receipt of Medicare/Medicaid payments. Moreover, Plaintiff again fails to allege that Broward Health used its position of receiving Medicare and Medicaid payments to discriminate against her—a requirement noted by this Court in the *Huck* decision. *See Huck*, 989 F. Supp. 1464 ("Plaintiff must allege that the Defendants were in a position to accept or reject the federal funds and that they used their position to discriminate against Plaintiff.") (internal quotations omitted); *see also Simpson v. Reynolds metals Co., Inc.*, 629 F.2d 1226, 1231-32 (noting a viable Rehabilitation Act claim requires plaintiff to demonstrate a "nexus" between his discharge and federal assistance). Plaintiff, for example, does not allege that she was denied receipt of Medicare/Medicaid assistance or denied entry into a Medicare/Medicaid program. Plaintiff does not contend that her alleged discriminatory dismissal denied her of the benefits of Medicare/Medicaid assistance.

Had Plaintiff timely exhausted her administrative remedies, she presents a claim that may be sufficient to survive a Motion to Dismiss under the Americans with Disabilities Act or the

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

SPDN-868764429-2630885

Florida Civil Rights Act. Plaintiff did not timely pursue her relief under either statute and now merely seeks to use the Rehabilitation Act as an ADA/FCRA-substitute without the exhaustion requirement. The law does not support Plaintiff's position and Defendant requests the Court to dismiss her claims with prejudice.

Dated this 23rd day of December 2019.　　　　　　Respectfully submitted,

*s/ Matthew D. Stefany*

SUSAN POTTER NORTON
Florida Bar No. 201847
**ALLEN, NORTON & BLUE, P.A.**
121 Majorca Avenue, Suite 300
Coral Gables, Florida 33134
(305) 445-7801 | (305) 442-1578 – Fax
Primary:　　snorton@anblaw.com
Secondary:　lgonzalez@anblaw.com

MATTHEW D. STEFANY
Florida Bar No. 98790
**ALLEN NORTON & BLUE, P.A.**
Hyde Park Plaza - Suite 225
324 South Hyde Park Avenue
Tampa, Florida 33606-4127
(813) 251-1210 | (813) 253-2006 – Fax
Primary:　　mstefany@anblaw.com
Secondary:　tcarnevalini@anblaw.com
　　　　　　amcclanahan@anblaw.com

*Counsel for Defendant*

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

SPDN-868764429-2630885

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 23rd day of December, 2019, I electronically filed the foregoing Notice with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to Louis P. Pfeffer, Esq., 250 South Central Blvd., Suite 205, Jupiter, Florida 33458

*s/ Matthew D. Stefany*
ATTORNEY

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

SPDN-868764429-2630885